**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.

|   |   |   |
|---|---|---|
| C.C. by and through his Mother and next friend, Carol Coe[1] ) ) ) ) | ) ) | |
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) ) | |
| Oxford Public Schools, Defendant. | ) ) ) ) | |

## I. PRELIMINARY STATEMENT

1. This action is brought by C.C., by and through his mother and next friend, Carol Coe, seeking reasonable attorney fees as a result of prevailing on a significant issue and achieving significant benefits in an administrative hearing before the Bureau of Special Education Appeals to secure his right to a free and appropriate public education, pursuant to the Individuals with Disabilities Education Act, 20 USC §§1400 et seq.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 20 U.S.C. §1415(i)(3)(A) and venue under 28 U.S.C. § 1331.

## III. PARTIES

3. Plaintiff C.C. is an eleven-year-old student who lives with his mother in Oxford, Massachusetts. C.C. brings this action by and through his mother and next friend, Carol Coe.

4. The Defendant, Oxford Public Schools, is a public corporation with the capacity to be sued established under laws of the Commonwealth of Massachusetts. It receives federal funds from the United States Department of Education pursuant to the Individuals with

---

[1] Carol Coe is proceeding anonymously under this pseudonym in order to protect the identity of her minor child, C.C.

1

Disabilities Education Act, 20 U.S.C. § 1400 et seq., and is required to provide special education and related services in accordance with Individual Education Plans and that are calculated to provide for the effective progress of special education students such as C.C.

## IV.  FACTUAL ALLEGATIONS

5. C.C. has been diagnosed with numerous disabilities over the years, including PTSD, ADHD, expressive and receptive language disorder, mood disorder, anxiety disorder, sensory processing disorder, dyslexia, language-based learning disabilities, unspecified neurodevelopmental disorder, developmental coordination disorder, social pragmatic disorder, speech sound disorder, and impairment in written expression.

6. On October 7, 2014, C.C. and his mother filed a hearing request with the Bureau of Special Education Appeals ("BSEA").  Thirteen issues were listed in the hearing request, dealing primarily with the following major categories:

    a. Special education eligibility;

    b. Denial of FAPE;

    c. The need for a residential, therapeutic placement in a program that uses a holistic approach, with intensive post-traumatic stress therapy and a family systems model;

    d. Violations;

    e. Compensatory services.

7. On November 19, 2014, the parties signed a settlement agreement regarding the issues in the original October 7, 2014 hearing request.  Although C.C. was found eligible for special education and a residential placement, the parties disagreed about the specific placement that would be selected.  The parties agreed that C.C. and his mother would file an amended hearing request concerning the issue of educational placement.  The amended hearing request was filed on November 19, 2014.

8. On November 25, 2014, Mother returned a partially accepted Individualized Education Program ("IEP") to Oxford.

9. On March 12, 2015, due to new facts and changed issues since the amended hearing request was filed, C.C. and his mother requested that the BSEA case be dismissed without prejudice so that a new hearing request could be filed with issues more accurate to C.C.'s then-current needs and the facts of the case.  The case was dismissed without prejudice on March 13, 2015.

10. On March 18, 2015, C.C. and his mother filed a new hearing request with the BSEA. The case was heard by Hearing Officer Sara Berman on June 16 and 17, 2015.  Written closing arguments were due on July 28, 2015.  The issues in the case concerned the following major categories:

    a. Whether Oxford failed to provide C.C. with a Free and Appropriate Public Education ("FAPE") since November 25, 2014;

    b. Whether C.C. failed to make meaningful educational progress since November 25, 2014;

    c. Whether Oxford failed to implement the accepted portions of C.C.'s IEP since it was returned to Oxford on November 25, 2014;

    d. Whether Oxford should be required to provide compensatory services to C.C.;

    e. Whether Oxford retaliated against C.C. and C.C.'s mother, and if so, what harm occurred.

11. BSEA Hearing Officer Sara Berman issued her decision on September 8, 2015. See Exhibit A, "Decision," dated September 8, 2015. In that decision, the Hearing Officer found that the accepted portions of the IEP were not implemented, that FAPE was therefore denied, and that C.C. is entitled to compensatory services. Id. at 11. The Hearing Officer did not find sufficient evidence for retaliation. The hearing decision stated, "Student is entitled to have all missed hours of service made up… Based on the foregoing, I find that Oxford owes Student compensatory services in the areas of occupational and speech therapy, counseling, behavioral supports, and specialized reading instruction… Oxford is directed to immediately convene a Team meeting to determine the manner, timing, and setting for delivery of services based on Student's current situation and needs." Id. Therefore, Plaintiff is a prevailing party on significant issues.

12. On September 17, 2015, James M. Baron, Esq., attorney for C.C. and Mother, sent a demand letter for attorney's fees to Oxford's attorney of record, Susan Blatt, Esq., of the firm Cosgrove and Blatt. On September 29, 2015, Attorney Baron and Attorney James Cosgrove, on behalf of Susanne Blatt, who was out of the country, signed a tolling agreement to toll any statute of limitations concerning attorneys fees.

13. On October 5, 2015, Attorney Cosgrove notified Attorney Baron that Oxford has retained new counsel from the firm of Kopelman and Paige for the attorney fee issue.

V. <u>CAUSE OF ACTION</u>

14. Plaintiff re-alleges paragraphs 1 through 13 and incorporates the same as if fully set forth herein.

15. Plaintiff is a prevailing party in an action brought under the Individuals with Disabilities Act, 20 U.S.C. §1415 (i)(3)(B)(i)(I) and as such is entitled to an award of reasonable attorney fees and costs.

16. The BSEA decision resulted in enforceable obligations for the student against the school district.

WHEREFORE, Plaintiff prays for the following relief:

a) That this Court take jurisdiction of this matter;

b) That this Court award plaintiff's counsel reasonable attorney fees pursuant to the Individuals with Disabilities Act, Protection Act, 20 U.S.C. §1415 (i)(3)(B)

Respectfully submitted,

C.C. and Carol Coe (mother and next friend) by their attorney

Date: November 3, 2015            /s/ James M. Baron
                                  James M. Baron, Esq., BBO # 669257
                                  Law Office of James M. Baron
                                  9 Spring Street
                                  Waltham, Massachusetts 02451
                                  Tel:  (781) 209-1166
                                  Fax: (781) 795-1591
                                  Email: jbaron@lawbaron.com